UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


**SARAH B. MATHIA,**

        Plaintiff,

        v.

**CAROLYN L. COLVIN,**[1]
Acting Commissioner of Social Security,

        Defendant.
_____

Case No. 3:12-cv-01233-ST

**OPINION AND ORDER**

Plaintiff, Sarah Mathia ("Mathia"), seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for Children's Disability Benefits ("CDB") under Title II of the Social Security Act. This court has jurisdiction under 42 USC §§ 405(g) and 1383(c). All parties have consented to allow a Magistrate Judge to enter final orders and judgment in this case in accordance with FRCP 73 and

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as defendant in this case.

28 USC § 636(c).  Because the Commissioner's decision is not supported by substantial evidence, the decision is REVERSED and REMANDED for the payment of benefits.

## ADMINISTRATIVE HISTORY

Mathia filed an application for CDB on July 16, 2007, alleging disability due to a learning disability, infantile scoliosis, and chronic nerve pain.  Tr. 102-03, 110.[2]  She is entitled to payment of CDB if she is 18 years or older and has a disability that began before attaining age 22.  20 CFR § 404.350(a)(t).  After her application was denied initially and upon reconsideration, Mathia requested a hearing.  Tr. 12.  After an administrative hearing on April 22, 2011 (Tr. 28-50), Administrative Law Judge ("ALJ") Richard A. Say found Mathia not to be disabled.  Tr. 12-22.  Mathia subsequently submitted new evidence to the Appeals Council and requested review of the ALJ's decision.  Tr. 5-8.  After considering the new evidence, the Appeals Council denied her request on June 26, 2012, making the ALJ's decision the final Agency decision.  Tr. 1-2.  Mathia now seeks judicial review of that decision.

## BACKGROUND

Born in 1989, Mathia was age 18 on the alleged disability date of March 31, 2007, and age 22 at the time of the hearing.  Tr. 51.  Mathia has a high school diploma and attended some community college courses.  Tr. 44, 115, 226.  She has past work experience at a Subway sandwich shop and as a teacher's aide.  Tr. 33, 272.  Mathia alleges that she is unable to work due to her combined impairments.

///

///

///

---

[2] Citations are to the page(s) indicated in the official transcript of the record filed on December 19, 2012 (docket #14).

Page 2 – OPINION AND ORDER

## DISABILITY ANALYSIS

A disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 USC § 423(d)(1)(A).  The ALJ engages in a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act.  20 CFR § 404.1520; *Tackett v. Apfel*, 180 F3d 1094, 1098-99 (9th Cir 1999).

At step one, the ALJ determines if the claimant is performing substantial gainful activity.  If so, the claimant is not disabled.  20 CFR § 404.1520(a)(4)(i) & (b).

At step two, the ALJ determines if the claimant has "a severe medically determinable physical or mental impairment" that meets the 12-month durational requirement.  20 CFR § 404.1520(a)(4)(ii) & (c).  Absent a severe impairment, the claimant is not disabled.  *Id*. At step three, the ALJ determines whether the severe impairment meets or equals an impairment "listed" in the regulations.  20 CFR § 404.1520(a)(4)(iii) & (d); 20 CFR Pt. 404, Subpt. P, App. 1 (Listing of Impairments).  If the impairment is determined to meet or equal a listed impairment, then the claimant is disabled.

If adjudication proceeds beyond step three, the ALJ must first evaluate medical and other relevant evidence in assessing the claimant's residual functional capacity ("RFC").  The claimant's RFC is an assessment of work-related activities the claimant may still perform on a regular and continuing basis, despite the limitations imposed by his or her impairments.  20 CFR § 404.1520(e); Social Security Ruling ("SSR") 96-8p, 1996 WL 374184 (July 2, 1996).

At step four, the ALJ uses the RFC to determine if the claimant can perform past relevant work.  20 CFR § 404.1520(a)(4)(iv) & (e).  If the claimant cannot perform past relevant work,

then at step five, the ALJ must determine if the claimant can perform other work in the national economy. *Yuckert v. Bowen*, 482 US 137, 142 (1987); *Tackett*, 180 F3d at 1099; 20 CFR § 404.1520(a)(4)(v) & (g).

The initial burden of establishing disability rests upon the claimant. *Tackett*, 180 F3d at 1098. If the process reaches step five, the burden shifts to the Commissioner to show that jobs exist in the national economy within the claimant's RFC. *Id*. If the Commissioner meets this burden, then the claimant is not disabled. 20 CFR § 404.1520(a)(4)(v) & (g).

## ALJ'S FINDINGS

At step one, the ALJ found that Mathia had not engaged in substantial gainful activity after the alleged onset date of March 31, 2007. Tr. 14. At step two, the ALJ found that Mathia's scoliosis, headaches and borderline intellectual functioning were severe impairments. *Id*. At step three, the ALJ found that Mathia did not have an impairment or combination of impairments that met or medically equaled a listed impairment, specifically Listing 12.05 for Mental Retardation. Tr. 15.

The ALJ next assessed Mathia's RFC and determined that she could perform light work, but can never climb ladders, ropes, and scaffolds; can only occasionally crawl, crouch, kneel, stop, balance and climb ramps and stairs; and is limited to unskilled work and routine tasks. Tr. 16. At step four, the ALJ found Mathia had no past relevant work. Tr. 21.

At step five, based on the testimony of a vocational expert ("VE"), the ALJ determined that Mathia could perform jobs that exist in significant numbers in the national economy, including cashier and small products assembler. Tr. 21-22. Therefore, the ALJ concluded that Mathia was not disabled. Tr. 22.

///

**STANDARD OF REVIEW**

The reviewing court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. 42 USC § 405(g); *Lewis v. Astrue*, 498 F3d 909, 911 (9th Cir 2007). To do so, it must weigh the evidence that both supports and detracts from the ALJ's conclusion. *Lingenfelter v. Astrue*, 504 F3d 1028, 1035 (9th Cir 2007) (citations omitted). The reviewing court may not substitute its judgment for that of the Commissioner. *Robbins v. Soc. Sec. Admin.*, 466 F3d 880, 882 (9th Cir 2006); *see also Edlund v. Massanari*, 253 F3d 1152, 1156 (9th Cir 2001). Where the evidence is susceptible to more than one rational interpretation, the Commissioner's decision must be upheld if it is "'supported by inferences reasonably drawn from the record.'" *Tommasetti v. Astrue,* 533 F3d 1035, 1038 (9th Cir 2008), quoting *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F3d 1190, 1193 (9th Cir 2004); *see also Lingenfelter*, 504 F3d at 1035.

**DISCUSSION**

Mathia contends that the ALJ erred by: (1) improperly finding that she does not meet Listing 12.05C; (2) improperly rejecting her subjective symptom testimony; and (3) failing to consider the August 5, 2011 opinion of her most recent treating physician, Navnit Kaur Jarayam, M.D., submitted to the Appeals Council. The Court finds that the ALJ erred with respect to Listing 12.05. Because this issue is dispositive, the Court declines to review Mathia's other assignments of error.

**I. Listing 12.05C**

Mathia argues that the ALJ improperly found that she does not meet paragraph C of Listing 12.05 for Mental Retardation which provides in relevant part as follows:

> Mental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested

> during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22.
>
> The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied. . . .
>
> C. A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function[.]

20 CFR 404, Subpart P, Appendix 1, § 12.05.

The ALJ found that Mathia had "a valid verbal, performance or full scale IQ of 60 through 70", but did "not have another significant work-related limitation of function" as required by paragraph C. Tr. 15. The Commissioner concedes that the ALJ erred because Mathia had both a full-scale IQ score of 70 (Tr. 468) and a physical impairment that limited her to light work. However, the Commissioner argues that this error was harmless because Mathia was never diagnosed with mental retardation and, therefore, does not satisfy the introductory paragraph of Listing 12.05.

The Ninth Circuit has not yet ruled on the issue of whether a formal diagnosis of mental retardation is required to meet Listing 12.05. However, over the past five years both the Eighth Circuit and multiple district courts within the Ninth Circuit, including the District Court of Oregon, have determined that no such formal diagnosis is required. *Christner v. Astrue*, 498 F3d 790, 793 (8th Cir 2007), citing *Maresh v. Barnhart*, 438 F3d 897, 899 (8th Cir 2006) (finding that formal diagnosis of mental retardation is not required); *Viera v. Colvin*, No. 2:11-cv-023420KJN, 2013 WL 1195287, at *5 (ED Cal March 22, 2013) (citing cases); *Hutson v. Astrue*, No. 1:11-cv-00302-CWD, 2012 WL 4139049, at *5 (D Idaho Sept. 19, 2012); *Stokes v. Astrue*, No. 09–1264–PK, 2011 WL 285224, at *8–9 (D Or Jan. 4, 2011), adopted in full, 2011 WL 284433 (D Or Jan. 24, 2011); *Frazier v. Astrue*, No. CV–09–3063–CI, 2010 WL 3910331, at *4 (ED Wash Oct. 4,

2010); *Gomez v. Astrue*, 695 F Supp2d 1049, 1057–58 (CD Cal 2010); *Applestein–Chakiris v. Astrue*, No. 09CV00009BTM, 2009 WL 2406358, at *8 (SD Cal Aug. 5, 2009).

These courts have concluded that the regulation requires a claimant only to satisfy the diagnostic description in the introductory paragraph and one of the criteria set forth in paragraphs A through D. *See, e.g., Maresh*, 438 F3d at 899; *Miller v. Astrue*, No. CV–09–337–HA, 2010 WL 3824079, at* 3 (D Or Sept. 23, 2010). This conclusion is supported by the introduction to the mental health listings which provides:

> The structure of the listing for mental retardation (12.05) is different from that of the other mental disorders listings. Listing 12.05 contains an introductory paragraph with the diagnostic description for mental retardation. It also contains four sets of criteria (paragraphs A through D). If your impairment satisfies the diagnostic description in the introductory-paragraph and any one of the four sets of criteria, we will find that your impairment meets the listing.

20 CFR Pt. 404, Subpt. P, App. 1, § 12.00A.

Accordingly, Mathia is required to demonstrate the following: "(1) significantly subaverage general intellectual functioning with deficits in adaptive functioning with an onset before age 22; (2) a valid verbal, performance, or full scale IQ of 60 to 70; and (3) a physical or other mental impairment imposing an additional and significant work-related limitation of function." *Pedro v. Astrue*, 849 F Supp2d 1006, 1011 (D Or 2011).

Although Mathia never received a formal diagnosis of mental retardation, she satisfies the first prong of this three-part test for Listing 12.05C. She received special education services in high school, had an Individual Education Plan due to a learning disability, and graduated from high school with a cumulative grade point average of only 2.105. Tr. 34, 168, 173, 226, 238-39. Prior to reaching age 22, Mathia was asked to leave her part-time unskilled job at Subway because she was unable to operate the cash register and lacked the requisite concentration needed

to make sandwiches. Tr. 33, 276. Thus, substantial evidence in the record shows that Mathia's general intellectual functioning was "significantly subaverage" prior to age 22.

The Commissioner concedes that Mathia meets the latter two prongs of the three-part test for Listing 12.05C. Even without that concession, substantial evidence supports both prongs.

On September 13, 2007, on behalf of Oregon's Disability Determination Services, Donna C. Wicher, Ph.D., conducted an intellectual assessment examination of Mathia. Tr. 466-69. She assessed Mathia with a verbal IQ score of 70, a performance IQ score of 76, and a full-scale IQ score of 70. Tr. 468. The ALJ did not question the validity of those IQ scores. Tr. 15. While Mathia's performance IQ score of 76 falls outside the 60-70 range, the Listings specify that when "more than one IQ is customarily derived from the test administered, e.g., where verbal, performance, and full scale IQs are provided in the Wechsler series, we use the lowest of these in conjunction with 12.05." 20 CFR Pt. 404, Subpt. P, App. 1, § 12.00(D)(6)(c). Mathia's verbal and full-scale IQ scores of 70 fall within the required range. Thus, Mathis satisfies the second prong of Listing 12.05C.

Finally, Mathia must be shown to have "a physical or other mental impairment imposing an additional and significant work-related limitation of function." 20 CFR Pt. 404, Subpt. P., App. 1, § 12.05C; *Gomez*, 695 FSupp2d at 1061; *Stokes*, 2011 WL 285224, at *10. Mathia meets this criterion based on the ALJ's finding that she had a physical impairment limiting her to light work. Tr. 16. Furthermore, the regulations provide that "[f]or paragraph C, we will assess the degree of functional limitation the additional impairment(s) imposes to determine if it significantly limits your physical or mental ability to do basic work activities, i.e., is a 'severe' impairment(s), as defined in § § 404.1520(c) and 416.920(c)." 20 CFR Pt. 404, Subpt. P, App. 1 § 12.00A. In other words, a person who has a severe physical or other mental impairment, as

Page 8 – OPINION AND ORDER

defined at step two of the disability analysis, apart from the decreased intellectual function, meets the third prong of Listing 12.05C. Here, at step two of the five-step analysis, the ALJ found that Mathia's scoliosis was a severe impairment. Tr. 14. That finding sufficiently satisfies the third and last prong of Listing 12.05C.

Therefore, Mathia meets the diagnostic criteria for mental retardation and has impairments which satisfy paragraph C of Listing 12.05.

## II. Remand

The decision whether to remand for further proceedings or for immediate payment of benefits is within the discretion of the court. *Harman v. Apfel*, 211 F3d 1172, 1178 (9th Cir 2000), *cert denied*, 531 US 1038 (2000). The issue turns on the utility of further proceedings. A remand for an award of benefits is appropriate when no useful purpose would be served by further administrative proceedings or when the record has been fully developed and the evidence is insufficient to support the Commissioner's decision. *Strauss v. Comm'r*, 635 F3d 1135, 1138-39 (9th Cir 2011).

The Court has determined that the ALJ erred at step three of the five-step analysis and that Mathia satisfies all the criteria required to meet Listing 12.05C. A determination at step three that a claimant meets a listing presumptively establishes disability. Thus, no outstanding issues must be resolved before a determination can be made. Accordingly, this case should be remanded for the immediate payment of benefits.

///
///
///
///

## **CONCLUSION**

The Commissioner's decision that Mathia is not disabled is not supported by substantial evidence in the record and is REVERSED and REMANDED for the immediate payment of benefits.

DATED this 31st day of May, 2013.

s/ Janice M. Stewart_____
Janice M. Stewart
United States Magistrate Judge
